IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CRAIG BUNDRANT, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:10-CV-288 |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

# REPORT AND RECOMMENDATION
# TO DISMISS GROUNDS 1 AND 2 OF THE APPLICATION
# FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241

Before the Court is an application for federal habeas corpus relief under 28 U.S.C. § 2241 filed by petitioner CRAIG BUNDRANT. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the grounds identified as 1 and 2 of petitioner's habeas corpus application be DISMISSED and that petitioner supplement his petition regarding whether he has exhausted his administrative remedies with regard to ground 3.

I.
FACTUAL AND PROCEDURAL HISTORY

On August 6, 2003, petitioner was charged by indictment in the United States District Court for the Eastern District of Texas, Beaumont Division, with committing the federal criminal offenses of receipt of child pornography, possession of child pornography, possession of obscene

matter and criminal forfeiture.[1] *United States v. Bundrant*, No. 1:03-CR-0154.  Petitioner was arrested on the federal charges on August 12, 2003 and was released pending trial.  On January 12, 2004, petitioner consented to have the United States Magistrate Judge receive his plea and, on that same day, pursuant to a plea agreement, entered a plea of guilty to Count 2 of the federal indictment alleging possession of child pornography.  The government dismissed the remaining two counts.  After his plea, petitioner was remanded to the custody of the United States Marshal.  On February 23, 2004, the district judge, adopting the Recommendation of the magistrate judge, accepted petitioner's plea and adjudged petitioner guilty of the possession offense.[2]  On July 22, 2004, the United States District Judge entered judgment as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 51 month(s).  The term of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment under Cause Nos. 88288, 88289, 88290, and 88698, 252nd District Court, Jefferson County, Texas, and to any future sentences imposed in Cause Nos. 03CR0580, 03CR0581, 03CR0435, and 03CR0436, 56th District Court, Galveston County, Texas.

Petitioner did not appeal his federal conviction or sentence.[3]

Petitioner submits he was initially assigned to FCI Big Spring, a federal penal institution, to serve his 51-month federal sentence but, after serving approximately nine (9) months of his

---

[1] Prior to the federal indictment, petitioner was charged in Jefferson County, Texas and Galveston County, Texas with numerous state offenses involving possession of child pornography, indecency with a child and sexual performance by a child. Petitioner was arrested for the alleged state offenses and, according to petitioner, posted bond on each prior to the federal indictment.

[2] On January 26, 2004, petitioner was convicted in Jefferson County, Texas of four (4) counts of possession of child pornography and sentenced to four (4) 5-year terms of imprisonment to run concurrently.  According to petitioner, he appeared for conviction and sentencing in Jefferson County pursuant to a writ of habeas corpus ad testificandum as petitioner was in the custody of the United States Marshal.

[3] On August 4, 2004, petitioner was convicted in Galveston County, Texas of two (2) counts of indecency with a child by exposure, one count of indecency with a child by contact, and one count of sexual performance by a child, and was sentenced to four (4) 8-year terms of imprisonment to run concurrently with each other and the sentences out of Jefferson County. According to petitioner, he appeared for conviction and sentencing in Galveston County pursuant to a writ of habeas corpus ad testificandum as petitioner was in the custody of the United States Marshal.

federal sentence, was transferred, on October 14, 2004, to the custody of the State of Texas. According to petitioner he was received by the Texas Department of Criminal Justice, Correctional Institutions Division, Hunstville Unit, on November 3, 2004.

On August 27, 2007, petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Texas, Beaumont Division.  In that motion, petitioner raised two grounds challenging his federal conviction:

1. the sentencing judge violated the sentencing guidelines in ordering petitioner's federal sentence to run consecutive to his existing state sentences and his state sentences not yet imposed;

2. the sentencing judge violated the plea agreement when he ordered petitioner's federal sentence to run consecutively to petitioner's state sentences.

Petitioner also raised a third ground challenging the manner in which his federal sentence was being executed:

3. the Bureau of Prisons is incorrectly calculating petitioner's sentence, to wit: petitioner's federal sentence should be credited with time spent has served in state custody.

On November 26, 2007, a United States Magistrate Judge entered a Report and Recommendation finding petitioner's 2255 motion barred by the statute of limitations.  To the extent petitioner challenged the calculation of his credit for time served, the Magistrate Judge found such claim could only be brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the jurisdiction in which petitioner is confined.  The Magistrate Judge recommended petitioner's 2255 motion be dismissed.

On June 25, 2009, the Magistrate Judge entered a second Report and Recommendation finding petitioner knowingly and voluntarily waived, pursuant to his plea agreement, his right to

challenge his sentence in a post-conviction proceeding including, but not limited to, a proceeding under 28 U.S.C. § 2255. The Magistrate Judge further found that, even if petitioner's claims were not found to have been waived, petitioner defaulted his claims because petitioner failed to raise such claims on direct appeal of his conviction and sentence. In the event such claims were not found to be defaulted, the Magistrate Judge found petitioner's first claim, *i.e.*, that the sentencing judge misapplied the Sentencing Guidelines, was not cognizable in a motion to vacate because petitioner's punishment did not exceed the statutory maximum charged in the indictment. As to petitioner's second claim, *i.e.*, that his sentence violated the plea agreement because the sentencing judge ordered the sentences to run consecutively instead of concurrently with petitioner's state court sentences and future state court sentences, the Magistrate Judge found petitioner's claim to be without merit. The Magistrate Judge specifically found the plea agreement did not contain any provision concerning whether or not the federal sentence would run concurrently with petitioner's state court sentences. The Magistrate Judge noted the plea agreement, instead, provided that petitioner understood the sentence to be imposed would be in the sole discretion of the court and could be up to the maximum provided by law.

The Magistrate Judge also found that to the extent petitioner challenged the calculation of his time credit served on his federal sentence, such a claim was required to be brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 rather than a 2255 motion. The Magistrate Judge noted that as petitioner was confined in TDCJ-CID, a challenge to the calculation of his federal sentence, which had not yet commenced, was premature. The Magistrate Judge recommended petitioner's motion to vacate be denied and dismissed.

On August 9, 2010, the District Judge adopted the Magistrate Judge's Report and

Recommendation. For the reasons stated in the Report and Recommendation, the District Judge found petitioner failed to set forth a meritorious ground for relief and denied petitioner's motion to vacate. The District Judge further found petitioner's claims concerning the calculation of his time credits and the execution of his sentence were not properly brought in the section 2255 motion, and that such claims attacking the manner in which a sentence is executed could only be brought under section 2241 in the district of incarceration. The District Judge thus held the Beaumont Division court lacked jurisdiction to entertain petitioner's claims concerning the manner of the execution of his federal sentence.[4]

Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. 2241 with this Court on December 27, 2010.

II.
PETITIONER'S CLAIMS

In this section 2241 habeas application, petitioner raises many of the same claims he previously raised in his motion to vacate filed with the Beaumont Division federal court, as well as another basis for his claim for time credit. Specifically, petitioner presents the following:

1. the sentencing judge violated the sentencing guidelines in ordering petitioner's federal sentence to run consecutive to his existing state sentences and his state sentences not yet imposed;

2. the sentencing judge violated the plea agreement when he ordered petitioner's federal sentence to run consecutively to petitioner's state

---

[4]Petitioner appealed the Beaumont Division court's dismissal of his 28 U.S.C. § 2255 motion. In his request for a certificate of appealability, petitioner argued his claims were properly governed by section 2255 rather than 28 U.S.C. § 2241. The Fifth Circuit Court of Appeals denied petitioner's request for a certificate of appealability on March 21, 2011 finding petitioner did not show reasonable jurists would find it debatable (1) whether his section 2255 motion stated a valid constitutional claim, and (2) whether the district court was correct in its procedural ruling, Petitioner filed a petition for a writ of certiorari with the United Supreme Court challenging the Fifth Circuit's denial. On October 3, 2011, the Supreme Court dismissed petitioner's petition for a writ of certiorari. Citing petitioner's repeated abuse of the Court's process, the Court directed the Clerk "not to accept any further petitions in noncriminal matters from petitioner unless the required docketing fee is paid and the petitioner is submitted in compliance with Rule 33.1

sentences; and

3. the Bureau of Prisons is incorrectly calculating petitioner's sentence, to wit: petitioner's federal sentence should be credited with time served in state custody.[5]

## III.
## MISAPPLICATION OF GUIDELINES AND
## BREACH OF PLEA AGREEMENT CLAIMS

Petitioner's first and second claims directly challenge the imposition of petitioner's federal sentence and are not appropriate in this section 2241 action. A section 2241 petition for writ of habeas corpus "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In essence, a section 2241 petition is used to attack the manner in which a sentence is executed. Arguments that the BOP failed to properly give a prisoner credit toward a federal sentence for time served on a state sentence fall under section 2241. *See Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010). A section 2255 motion, by contrast, attacks the sentence itself and the way in which the sentencing court imposed the sentence. *Id.* Arguments regarding the manner in which a court imposed the sentence and its compliance with the United States Sentencing Guidelines (USSG) generally fall under section 2255. *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994); *see Perez v. Lappin*, No. 09-50645, 2010 WL 148649, at *1 (5th Cir. Jan. 15, 2010); *Edison v. Berkebile*, No. 08-10314, 2009 WL 3403186, at *1 (5th Cir. Oct. 22, 2009); *Reescano v. United States*, No. 08-41310, 2009 WL 3378265, at *1 (5th Cir. Oct. 21, 2009); *Cotton v. Tamez*, No. 07-11036, 2008 WL 2477627, at *1 (5th Cir. June 19, 2008).

---

[5] Petitioner attached an article concerning primary jurisdiction to his memorandum filed with the Beaumont Division court, but did not reference primary jurisdiction or the article under ground three in his memorandum filed with that court.

The Beaumont Division federal court previously addressed both of these claims in the 2255 action petitioner filed in that court finding (1) petitioner's misapplication of the guidelines claim should have been raised in a direct appeal of his conviction and sentence, and (2) petitioner's breach of the plea agreement claim should also have been raised on direct appeal but, in any event, was without merit. Both of these claims were properly brought in that 2255 action, and neither of these claims may be raised under section 2241. This Court does not have jurisdiction to consider petitioner's first and second claims.

Moreover, since petitioner raised these two identical issues in the Beaumont federal court, petitioner's convicting court, and that court denied relief, petitioner's re-assertion of these issues in this proceeding would constitute a successive 2255 action. Further, the Beaumont court has already considered these issues, finding the issues were waived and/or defaulted, not cognizable or without merit, and denied petitioner relief. On direct appeal, the Fifth Circuit denied petitioner a certificate of appealability. This Court is barred from re-litigating these issues. Grounds 1 and 2 of petitioner's section 2241 action filed with this Court should be DISMISSED.

## IV.
## TIME CREDIT CLAIM - GROUND 3

Liberally construing his remaining ground it appears petitioner contends his federal sentence is being improperly calculated and/or is not being properly credited with the period of time he has been in state custody, *i.e.*, from October 13, 2004, the date he was transferred from federal custody to state custody. Petitioner claims the Bureau of Prisons should credit petitioner's federal sentence for time spent in state custody because the federal court had primary

jurisdiction over petitioner when he was sentenced in state court, thus, he was to serve his federal sentence first while still earning time credit towards his state sentences. The Beaumont federal court did not consider the merits of this claim but, instead, held it was without jurisdiction to consider it in a 2255 proceeding.

When petitioner filed the instant section 2241 motion, he was in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division serving his state sentences and was housed at a TDCJ-CID unit located within the Amarillo Division of the Northern District of Texas. While the Beaumont Division District Court held petitioner's challenge to the calculation of a federal sentence which had not commenced was premature, the court so held after first finding it was without jurisdiction over any claims to be raised in a 2241 action. Further, since petitioner's federal sentence had already commenced when petitioner was in federal custody at various federal facilities pursuant to his federal sentence prior to being transferred to state custody, *see* 18 U.S.C. § 3585(a),[6] it would appear the present action is not premature. In any event, habeas corpus is available to attack a sentence to be served in the future. *Cf. Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).[7] Therefore, this Court had jurisdiction when the instant 2241 petition was filed in this Court (petitioner was in TDCJ-CID custody in the Amarillo Division) and would continue to have jurisdiction even though petitioner has since been transferred back to federal custody. Prior to issuing an Order to Show Cause, however, it must be determined whether petitioner has administratively exhausted his claim. Therefore, petitioner shall supplement his

---

[6] A federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

[7] Holding that a prisoner under the authority of State A may file an immediate habeas petition to attack future confinement by State B where State B has filed a detainer against the prisoner with State A.

section 2241 motion with documentation showing he has properly presented, through the administrative time dispute procedures, his claim that his federal sentence is being improperly calculated because he is entitled to credit for time served in TDCJ-CID because the federal court had primary jurisdiction over petitioner when he was released or transferred from federal custody to state custody.  If petitioner has not pursued all administrative time dispute remedies or if administrative avenues are ongoing, he shall so advise the Court.  Such supplementation shall be filed with the Court **on or before July 13, 2012**.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Grounds 1 and 2 of the habeas corpus application filed by petitioner CRAIG BUNDRANT be DISMISSED.  No recommendation is being made as to Ground 3 in this Report and Recommendation at this time.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of June 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).