CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

2016 SEP -7 PM 4:19

DEPUTY CLERK _____

| | | |
|---|---|---|
| CRAIG BUNDRANT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0288 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DENY GROUND 3 OF THE APPLICATION
### FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241

Before the Court is Ground 3 of an application for federal habeas corpus relief under 28 U.S.C. § 2241 filed by petitioner CRAIG BUNDRANT. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends Ground 3 be DENIED.

### I.
### FACTS AND PROCEDURAL HISTORY

On January 9, 2003, police officers from the City of Beaumont, Texas executed a search warrant, found contraband and arrested petitioner. Petitioner was subsequently charged with state criminal offenses of possession of child pornography in Jefferson County, Texas (where Beaumont is located and where photos of the victims were found), and indecency with a child by exposure, indecency with a child by contact, and sexual performance by a child in Galveston County, Texas (where the acts were committed which were reflected in the photos). According to petitioner, he was released on bond in both counties.

On August 6, 2003, petitioner was charged in the United States District Court for the Eastern District of Texas, Beaumont Division, with committing the federal criminal offenses of receipt of child pornography, possession of child pornography, and possession of obscene matter and criminal forfeiture. *United States v. Bundrant*, No. 1:03-CR-0154. Petitioner was arrested on the federal charges on August 12, 2003 and was conditionally released pending trial. On January 12, 2004, petitioner, pursuant to a plea agreement, entered a plea of guilty to the federal possession of child pornography offense (Count 2), and the federal district judge accepted petitioner's plea and adjudged petitioner guilty of the possession offense.[1] After his plea, petitioner was remanded to the custody of the United States Marshal. He was held in custody in Liberty County, Texas, an adjoining county.

On January 23, 2004, petitioner was "writed" out to Jefferson County pursuant to a writ of habeas corpus *ad prosequendum* for appearance before the state district court on pending criminal charges. On January 26, 2004, petitioner was convicted of four (4) counts of possession of child pornography and sentenced to four (4) 5-year terms of imprisonment to run concurrently.[2] On January 28, 2004, petitioner was returned to federal custody in Liberty County.

On July 16, 2004, the United States District Judge sentenced petitioner to a 51-month term of imprisonment in his federal case, to run consecutively to petitioner's 5-year concurrent sentences out of Jefferson County, and to any future sentences imposed in Galveston County.[3]

On July 26, 2004, petitioner was "writed" out to Galveston County pursuant to a writ of habeas corpus *ad prosequendum* for appearance before the state district court. On August 4, 2004,

---

[1] The government dismissed the remaining two counts.

[2] Petitioner did not appeal his Jefferson County state conviction or sentence.

[3] Petitioner did not appeal his federal conviction or sentence.

petitioner was convicted of two (2) counts of indecency with a child by exposure, one count of indecency with a child by contact, and one count of sexual performance by a child, and was sentenced to four (4) 8-year terms of imprisonment to run concurrently with each other and the sentences out of Jefferson County.[4]  On August 11, 2004, petitioner was returned to federal custody in Liberty County.

On August 17, 2004, petitioner was transferred to the Federal Transfer Center in Oklahoma City, Oklahoma and, on September 10, 2004, petitioner was transferred to FCI Big Spring to begin his 51-month federal sentence.  On September 28, 2004, petitioner was returned to the Federal Transfer Center and, on October 14, 2004, petitioner was transferred to Jefferson County and into the custody of the State of Texas.  On November 3, 2004, petitioner was received by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), at the Huntsville Unit.  Petitioner was subsequently transferred to various units within TDCJ-CID.

On August 27, 2007, petitioner filed a motion to vacate his federal convictions under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Texas, Beaumont Division, challenging his federal conviction and asserting he was entitled to credit toward his federal sentence for time spent in state and federal custody.  On August 9, 2010, petitioner's claims challenging his conviction were denied on the merits.  Petitioner's claim for time credits toward his federal sentence was dismissed on the basis that the Beaumont Division court lacked jurisdiction to entertain a claim concerning the execution of his federal sentence as such a claim could only be brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the jurisdiction in which petitioner was confined.

---

[4] Petitioner did not appeal his Galveston County state conviction or sentence.

On December 27, 2010, petitioner, then a state inmate, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the imposition of petitioner's federal sentence and asserting his federal sentence was being improperly calculated and/or was not being properly credited with the period of time he had been in state and federal custody. On October 12, 2011, petitioner discharged his state sentence and was taken into federal custody based upon a federal detainer lodged with TDCJ-CID. On July 20, 2012, this proceeding was administratively closed pending administrative review of petitioner's federal sentence time calculations by the Bureau of Prisons (BOP).

In his administrative appeal to the BOP, petitioner sought credit toward his federal sentence for: (1) January 12, 2004 to October 14, 2004 (the date he pleaded guilty in federal court and was taken into federal custody to the date he was transferred from federal custody to state custody) "that was incorrectly applied towards [his] State sentence"; and (2) October 14, 2004 to October 12, 2011 for "the time spent in the Texas Department of Criminal Justice" because "the [federal] District Court was without authorization to release [petitioner] from [federal] custody and transfer [him] to State custody prior to the completion of [his] Federal sentence." Alternatively, petitioner argued TDCJ-CID should be "named as the place of service of [his] Federal sentence nunc pro tunc."

The BOP construed petitioner's appeal as requesting credit toward his federal sentence for: (1) January 12, 2004 to October 14, 2004 "as prior custody credit"; and (2) October 14, 2004 to October 12, 2011 "for time spent in service of [petitioner's] state sentence" by having TDCJ-CID "designated for the service of [his] federal sentence." On January 24, 2013, the BOP denied petitioner's appeal. After setting out a time line of petitioner's state and federal cases and the custody attributed to various authorities, the BOP held, in part:

> You were discharged from your state sentence on October 12, 2011, to the exclusive custody of federal authorities, and pursuant to Title 18 U.S.C. § 3585(a) and § 3584, your federal sentence commenced on this date. The federal Court ordered that your sentence run consecutive to your state sentences. This served to relinquish the jurisdiction of federal authorities to the state, and resulted in the calculation of your federal sentence to reflect the intent of the Court.
>
> Title 18 U.S.C. § 3585(b), and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), provides in part, that you are entitled to time spent in detention prior to the date your federal sentence commenced, which has not been credited against another sentence. The following time periods are applied to your federal sentence in accordance with this policy: January 9, 2003, to January 13, 2003; August 12, 2003; January 12, 2004, to January 22, 2004. However, you are not entitled to time in detention prior to the date your federal sentence commenced, which has been credited to another sentence. Records reflect all of the additional, aforementioned time in official detention is applied to your state sentences, and cannot be credited to your federal sentence.
>
> Based on Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, and the decision in Barden v. Keohane, your request for time spent in the service of your state sentence was considered as a request for a nunc pro tunc designation. Program Statement 5160.05 further states, "the Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)." Therefore, you are not eligible for a nunc pro tunc designation.
>
> Your sentence has been computed as directed by federal statute, Bureau of Prisons policy, and within the intent of the Court. Accordingly, your appeal is denied.[5]

On September 23, 2013, this proceeding was reopened. On September 27, 2013, Grounds 1 and 2 challenging the imposition of petitioner's federal sentence were dismissed as inappropriate in a section 2241 habeas action. Petitioner's third ground asserting his federal sentence was being improperly calculated and/or was not being properly credited with the period of time he had been in state and federal custody is before the Court for determination.

---

[5]The dates petitioner was credited were as follows: January 9, 2003 - January 13, 2003 (5 days), the date petitioner was arrested in Jefferson County to the date he posted bond in that county; August 12, 2003 (1 day), the date petitioner was arrested on federal charges and posted bond; and January 12, 2004 - January 22, 2004 (11 days), the date petitioner pled guilty to federal charges and was taken into federal custody to the date he was "writed" out to Jefferson County for state sentencing.

II.
## GROUND 3 - TIME CREDIT CLAIMS

The undersigned finds only the arguments raised in petitioner's administrative appeal to the BOP and addressed on the merits in the administrative proceeding are exhausted for purposes of habeas corpus relief. In his administrative appeal petitioner sought (1) credit toward his federal sentence from January 12, 2004 to October 14, 2004 (the date he pleaded guilty in federal court and was taken into federal custody to the date he was transferred from federal custody to state custody) "that was incorrectly applied towards [his] State sentence"; and (2) to have "the time spent in the Texas Department of Criminal Justice [October 14, 2004 - October 12, 2011] credited towards [his] Federal sentence" because "the [federal] District Court was without authorization to release [petitioner] from [federal] custody and transfer [him] to State custody prior to the completion of [his] Federal sentence." Alternatively, petitioner argues this court should name TDCJ-CID "as the place of service of [his] Federal sentence nunc pro tunc." The BOP construed these arguments as claims for "prior custody credit" and "for time spent in service of [petitioner's] state sentence" by having TDCJ designated for the service of his federal sentence.

### Claims are Moot

On June 8, 2015, petitioner discharged his 51-month federal sentence.[6] Consequently, petitioner's claims that he is entitled to credit toward his federal sentence are moot and should be dismissed. Nonetheless, petitioner's claims are discussed below.

---

[6]When petitioner filed the instant section 2241 motion, he was in state custody serving his state sentences and was housed at a TDCJ-CID unit located within the Amarillo Division. The undersigned has previously found this Court had jurisdiction when the instant 2241 petition was filed in this Court and continued to have jurisdiction even though petitioner had since been transferred back to federal custody. The undersigned noted that since petitioner's federal sentence had already commenced when petitioner was in federal custody at various federal facilities pursuant to his federal sentence prior to being transferred to state custody, see 18 U.S.C. § 3585(a), it appeared the present action was not premature but, in any event, noted habeas corpus was available to attack a sentence to be served in the future. Cf. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

<u>Claims are Without Merit</u>

The BOP credited petitioner's federal sentence with seventeen (17) days which had not been applied toward his state sentences which included the period of January 12, 2004 - January 22, 2004, the date petitioner was taken into federal custody through the date he was "writed" out to Jefferson county for state sentencing in that county. Consequently, petitioner's request for this time period is unnecessary as his federal sentence has already been credited with that time.

Petitioner's claim that his federal sentence should have been running from January 12, 2004 until it was completed initially appears to be premised on the argument that he was in federal custody during this period, that the United States had established primary jurisdiction over petitioner, and thus crediting his state sentence rather than his federal sentence with this time period was error. Petitioner appears to argue he should have served his federal sentence first while earning time credit toward his state sentences.

This basis for receiving time credits was not considered by the BOP during petitioner's administrative appeals, consequently, this Court should be precluded from considering this argument. Nonetheless, the undersigned will summarily address petitioner's complaint.

The Court agrees petitioner was in federal custody from January 12, 2004 to October 14, 2004 (the date he pleaded guilty in federal court and was taken into federal custody, until the date he was transferred from federal custody to state custody). The Court also agrees the United States established primary jurisdiction over petitioner and did not relinquish such jurisdiction over petitioner until October 14, 2004. However, establishing primary jurisdiction (or priority of jurisdiction) does not have the effect petitioner seeks because the United States subsequently did relinquish jurisdiction to state authorities on October 14, 2004. The petitioner has committed crimes against two sovereigns and the issue of jurisdiction over him is "an issue of comity between

the two sovereigns." *Yusufu v. Ashcroft*, 250 F.3d 741, No. 00-10918, 2001 WL 274491, at *1 (5th Cir. Feb. 15, 2001) (per curiam) (not designated for publication). The petitioner does not have standing to challenge the exercise of jurisdiction over him by these two sovereigns. *Id.* Primary jurisdiction affords a sovereign the right to assert jurisdiction over a prisoner but does not require the sovereign to assert that right. *Id.* Such priority allows a sovereign to insist that a prisoner fully serve a sentence issued by the sovereign, however, the sovereign is not required to exercise this right. *Thomas v. Whalen*, 962 F.2d 358, 362 n.7 (4th Cir. 1992)). Primary jurisdiction is a right of possession of a prisoner, rather than an obligation, and such right may be waived or relinquished. *See U.S. v. Cibrian*, 374 Fed. Appx. 524, 2010 WL 1141676, at *6 n.7 (5th Cir. 2010) (not designated for publication) (the relinquishment presumes agreement between the sovereigns); *see also Thomas v. Whalen*, 962 F.2d at 362 n.7.

  The federal district court, in its sentencing of petitioner, ordered the federal sentence to run consecutive to petitioner's Jefferson County sentence *and* consecutive to any future Galveston County sentence. When the BOP became aware that petitioner's federal sentence was to be served consecutive to his concurrent state sentences, the BOP relinquished custody of petitioner to the state for service of petitioner's state sentences. It appears the state credited petitioner's state sentences for all time from January 9, 2003 to October 12, 2011, other than the seventeen (17) days identified above and which was credited by the BOP toward petitioner's federal sentence. Petitioner has not demonstrated the action by federal authorities to transfer petitioner to the state authorities was precluded by the United States having established primary jurisdiction or was otherwise in error.

  Petitioner also appears to seek pre-sentence credit for time spent in "official detention" and post-sentence credit toward his federal sentence under 18 U.S.C. § 3585. Petitioner appears to argue his federal sentence commenced prior to the date determined by the BOP, and that after his

federal sentence commenced, the BOP did not have authority to release him to the state prior to completion of his federal sentence.

Section 3585(a) provides: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served." In the administrative appeal, the BOP determined petitioner's federal sentence commenced on October 12, 2011, when petitioner was discharged from his state sentences to the exclusive custody of federal authorities. The BOP made that determination notwithstanding the fact that, as discussed above, petitioner, on August 17, 2004 was transferred to the Federal Transfer Center in Oklahoma City for delivery to Big Spring FCI to begin serving his federal sentence.

When a federal prisoner is mistakenly placed into federal custody to commence his federal sentence, he is entitled to credit against his federal sentence for time served in federal custody. *See Free v. Miles*, 333 F.3d 550, 552, 555 (5th Cir. 2003). Here, it appears petitioner was wrongfully transferred to the Federal Transfer Center in Oklahoma City when he was returned to federal custody after being "writed out" to Galveston County for sentencing. As petitioner's federal sentence was to be served consecutive to his Jefferson and Galveston County sentences, petitioner should have been transferred to the custody of TDCJ-CID rather than for processing to serve his federal sentence. The error was discovered and petitioner was transferred to state custody on October 14, 2004. Consequently, it appears petitioner was in federal custody between August 17, 2004 and October 14, 2004 and could have been entitled to credit against his federal sentence for that time. The BOP, however, determined that petitioner had received credit for that approximate 59 days against his state

sentences and petitioner has not submitted any documentation reflecting otherwise.[7] In fact, petitioner admits in his administrative appeal to the BOP Administrative Remedy Section that he received credit on his state sentences for the time he served from January 12, 2004 through October 14, 2004. [D.E. 13, p. 5, Petitioner's Motion to Reopen].

Petitioner also appears to seek credit to his federal sentence for the time he spent in state custody after his transfer on October 14, 2004, because once his federal sentence commenced, it should have proceeded without interruption. Under *Free v. Miles*, federal prisoners are properly denied credit toward their federal sentence for time spent in state custody following the erroneous commencement of their federal sentence. *Free* appears to preclude applying credit after October 14, 2004 through October 12, 2011 toward petitioner's federal sentence because it appears petitioner served the correct total time of consecutive state and federal sentences. *Free v. Miles*, 333 F.3d at 554. Petitioner has not established the interruption of his federal sentence artificially extended his federal sentence or that governmental abuse occurred in his release to serve his state sentence or in his return to federal custody to serve his federal sentence. This is required to merit relief under the Fifth Circuit's decision in *Free*.

Lastly, petitioner argues this court can designate where a prisoner is to serve his federal sentence and, therefore, this court should designate TDCJ-CID as the facility where petitioner served his federal sentence. The BOP, however, not the courts, designates the place of confinement for every federal sentence. Moreover, it was the intent of the federal sentencing judge that petitioner's federal sentence run consecutive to his state sentences. Petitioner has not demonstrated any basis for federal

---

[7] This Court required petitioner to exhaust his administrative remedies and, in doing so, petitioner challenged his computation of time to the Bureau of Prisons. The BOP found that the time period from August 17, 2004 to October 14, 2004 was credited toward his state sentences and that petitioner was not entitled to dual credit for both his state and federal sentences because the sentences were ordered to run consecutively. This analysis complies with *Free's* holding that sovereigns cannot transfer jurisdiction to increase the overall amount of time served by the petitioner.

habeas relief pursuant to his claim in Ground 3.

### III.
### RECOMMENDATION

According to the BOP and by petitioner's own admissions, petitioner has received credit for all time spent in custody against either his federal sentence or his state sentences. The relief he primarily sought, a nunc pro tunc designation of TDCJ-CID as the place for him to serve his federal sentence was considered by the BOP and was denied. It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Application for Habeas Corpus Under 28 U.S.C. § 2241 filed by petitioner CRAIG BUNDRANT be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____7th____ day of September 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).